IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CROSSBOW TECHNOLOGY, INC., | No. C 03-04360 SI |
| Plaintiff, | **ORDER RE: DISCOVERY** |
| v. | |
| YH TECHNOLOGY, et al., | |
| Defendants. | |

Defendants YH Technology, Yun Chun Yang, and Yi Yang submitted a letter brief on October 31, 2006, requesting that the Court compel additional responses to defendants' First Set of Requests for Production. Plaintiff Crossbow Technology, Inc., responded via letter brief on November 6, 2006. For the following reasons, the Court DENIES defendants' motion to compel.

Defendants served the requests for production ("RFPs") at issue on October 17, 2005. Plaintiff timely served objections to the RFPs, along with responsive documents and a CDROM disk, on November 14, 2005. *See* Pl.'s Letter Br., Ex. A. In October 2006, the parties exchanged a series of e-mails regarding the adequacy of plaintiff's objections to the first set of RFPs. *See id.*, Exs. B-E. In these e-mails, and in the instant letter, defendants generally accuse plaintiff of giving boilerplate objections to the RFPs. Defendants do not identify the particular requests to which they feel plaintiff's responses have been inadequate. As such, the Court cannot, at this point, compel additional responses from plaintiff.

It appears that some of plaintiff's objections to the RFPs are valid, some may lack the requisite specificity, and some of the RFPs may have already been fully and adequately responded to. Via letter, e-mail, or telephonic conference, the parties need to meet and confer regarding each specific RFP to

determine which of these categories each response falls into. The parties can then more effectively resolve their disputes regarding the RFPs: defendants can narrow the scope of their requests, if necessary, to make response feasible; plaintiff can ascertain exactly what is being requested of them; and any remaining disputes can be specifically identified, and brought to the attention of the Court if the parties are unable to reach a solution on their own. Plaintiff's letter to defendants, dated November 3, 2006, is a good starting point for the parties to engage in this meet and confer process. *See id.*, Ex. F.

If, after this process, defendants remain unsatisfied with plaintiff's responses, they may submit another letter brief to this Court. If they do so, they should identify specifically which of responses are inadequate and why. For the foregoing reasons, defendants' motion to compel is DENIED, without prejudice (Docket No. 140).

**IT IS SO ORDERED.**

Dated: November 7, 2006

SUSAN ILLSTON
United States District Judge