IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CROSSBOW TECHNOLOGY, INC., | No. C 03-04360 SI |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS YI YANG AND YH TECHNOLOGY** |
| v. | |
| YH TECHNOLOGY, et al., | |
| Defendants. | |

On January 19, 2007, the Court heard argument on plaintiff's motion to dismiss Yi Yang and YH Technology. Having considered the arguments of the parties and the papers submitted, and for good cause shown, the Court GRANTS plaintiff's motion.

### BACKGROUND

The patent at issue, number 6,421,622 B1 ("the '622 patent"), describes a method and a system for determining the attitude[1] of an accelerating object exclusively from acceleration and angular rate. The patent issued on July 16, 2002, and was thereafter assigned to plaintiff.

Plaintiff filed suit under the '622 patent in 2003, claiming that defendants – YH Technology, a sole proprietorship, Yi Yang, its owner, and Yunchun Yang, her husband – were infringing the patent. Defendants answered and filed counterclaims asserting non-infringement and invalidity of the patent. Counsel for defendants withdrew after filing the answer and counterclaims; defendants have since acted

---

[1] "Attitude," as used in this context, refers to an object's orientation relative to a reference line. The term is frequently used in the aviation context in reference to the orientation of an aircraft's pitch (whether the nose is pointed up or down) and roll (whether the wings are tilted left or right).

pro se. At the first case management conference, defendants disclosed what would be their primary defense to this action – that the Court lacked subject matter jurisdiction because defendants had never made, sold, or offered for sale any infringing product in the United States. *See* January 23, 2005, Joint Case Mgmt. Statement, at 2-3. Defendants claimed that plaintiff had the wrong defendants, and that the proper defendant was Yunhai Science and Technology Co., Ltd. ("YH China"), a Chinese corporation located in Beijing, with which defendants had no legal affiliation.

In light of the dispute over whether any infringing actions could be attributed to defendants, the Court bifurcated the case into two stages. The first stage was to involve "issues unrelated to the patent at issue, most importantly whether defendants made, used, offered to sell, sold, or imported potentially infringing products in the United States." Schumann Decl., Exh. 1. In the second stage, the parties will address "whether or not those products actually infringe a valid patent." *Id.*

On September 6, 2006, the Court issued a ruling on the first stage, finding that plaintiff had established that one defendant, Yunchun Yang, could be held liable for his work in adapting the YH-8000 device, and for exporting software to YH China. The Court therefore allowed plaintiff to proceed to the second phase of the litigation with respect to defendant Yunchun Yang. Plaintiff failed to present any evidence that defendants Yi Yang or YH Technology were sufficiently involved with potentially infringing products to proceed to the second phase, so that the jurisdictional predicate was lacking. Consequently, plaintiff sought to dismiss its claims against Yi Yang and YH Technology, and sought a dismissal of their counter-claims against it. Defendants refused to do so by stipulation, and plaintiff subsequently filed this motion. Defendants do not contest dismissal of the claims against them; they contest only dismissal of their counterclaims against plaintiff.[2]

**LEGAL STANDARD**

"It is a fundamental principle that federal courts are courts of limited jurisdiction. The limits upon federal jurisdiction, whether imposed by the Constitution or by Congress, must be neither

---

[2] It should be noted that the remaining defendant, Yunchun Yang, retains viable declaratory relief counterclaims against plaintiff Crossbow.

2

disregarded nor evaded." *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 374, 98 S. Ct. 2396, 2403 (1978). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *General Atomic Co. v. United Nuclear Corp.*, 655 F.2d 968, 969 (9th Cir. 1981). Accordingly, the burden rests on the party asserting federal subject matter jurisdiction to prove its existence. *California ex rel. Younger v. Andrus*, 608 F.2d 1247, 1249 (9th Cir. 1979).

As set out by the Federal Circuit in *BP Chemicals Ltd. v. Union Carbide Corp.*, 4 F.3d 975 (Fed. Cir. 1993), in order to satisfy the "case or actual controversy" requirement of Article III and the Declaratory Judgement Act, 28 U.S.C. §2201, in patent cases, a declaratory relief plaintiff must prove:

> both (1) an explicit threat or other action by the patentee, which creates a reasonable apprehension on the part of the declaratory plaintiff that it will face an infringement suit, and (2) present activity which could constitute infringement or concrete steps taken with the intent to conduct such activity

*Id.* at 978. The existence of an actual controversy, "must be evaluated on a claim-by-claim basis." *Jervis B. Webb Co. v. Southern Sys., Inc.*, 742 F.2d 1388, 1399 (Fed. Cir. 1984). "[I]t is well-established that a trial court may be divested or deprived of subject matter jurisdiction over a particular patent claim if the patentee covenants not to assert an infringement claim against a putative infringer . . . ." *Eli Lilly and Co. v. Zenith Goldline Pharmaceuticals*, 101 F. Supp. 2d 1139, 1142 (S.D. Ind. 2000).

## DISCUSSION

Plaintiff argues that because it has covenanted not to sue Yi Yang or YT Technology based on infringement of the '622 patent, they no longer have any reasonable apprehension of suit, and the Court is thereby divested of subject matter jurisdiction to hear their counterclaims for declaratory judgment. The Court agrees.

In *Super Sack Manufacturing Corp. v. Chase Packaging Corp.*, 57 F.3d 1054 (Fed. Cir. 1995), the Federal Circuit held that a promise by the patentee not to sue for past and present products was sufficient to divest the Court of subject matter jurisdiction. The circuit court stated: "a patentee defending against an action for a declaratory judgement of invalidity can divest the trial court of

3

jurisdiction over the case by filing a covenant not to assert the patent at issue against the putative infringer with respect to any of its past, present or future acts." *See id.* at 1058. The court further added that although a defendant may have some cause to fear a future infringement suit, "[t]he residual possibility of a future infringement suit based on [defendant's] future acts is simply too speculative a basis for jurisdiction over [defendant's] counterclaim for declaratory judgement of infringement." *Id.* at 1059. In a more recent case, the Federal Circuit clarified that an alleged infringer had no "reasonable apprehension of being sued with regard to its new products 'in the pipeline,' [which are] not advertised, manufactured, marketed, or sold before the filing date," of the motion to dismiss the declaratory judgement claims. *See Amana Refrigeration v. Quadlux, Inc.*, 172 F.3d 852, 855 (Fed. Cir. 1999). A covenant not to sue for past or present acts therefore suffices to strip the court of jurisdiction.

In this case, plaintiff has provided a covenant not to sue. The declaration of David Schumann in support of plaintiff's motion to dismiss states, in pertinent part:

> Crossbow Technology, Inc. hereby unconditionally agrees not to sue defendants Yi Yang or YH Technology (Yi Yang's sole proprietorship), both of Harbor City, California, for infringement as to any claim of U.S. Patent No. 6,421,622 based upon Yi Yang's or YH Technology's manufacture, development, design, marketing, licensing, distributing, offering for sale, or selling in the United States any of [the] products identified in paragraph 6 above as they exist today or have existed in the past.

Schumann Decl. ¶ 9. The cross-referenced paragraph 6 contains a list of all the relevant products that defendants, in response to an interrogatory, stated that they had designed, marketed, licensed, offered for sale, and/or sold in the United States. Plaintiff has thus covenanted not to sue Yi Yang or YH Technology for past or current infringement of patent '622 by any of their products. *Super Sack* therefore applies to this case, and the Court must dismiss Yi Yang and YH Technology's counterclaims for lack of jurisdiction.

In opposition, defendants argue that an exception to *Super Sack*, announced by the Federal Circuit in *Fort James Corp. v. Solo Cup Co.*, 412 F.3d 1340 (Fed. Cir. 2005), applies to this case. In *Fort James*, plaintiff Fort James brought infringement claims against Solo Cup, based in part on the '140 patent. Solo Cup counterclaimed for declarations that the '140 patent was invalid, unenforceable, and not infringed. *See id.* at 1343. A jury trial was held, and the jury returned a verdict finding that Fort

4

James' '140 patent was not invalid, but also that Solo Cup had not infringed the '140 patent. *See id.* at 1345. In a post-verdict brief, "Fort James attached a declaration of its general counsel stating that Fort James covenanted not to sue Solo Cup on the three patents originally at issue and that it would not seek to overturn the jury's verdict." *Id.* Subsequently, "the district court dismissed as moot Solo Cup's unenforceability counterclaim on the ground that there was no outstanding case or controversy between the parties in light of the Post-Verdict Covenant." *Id.*

On appeal, the Federal Circuit overturned the district court's dismissal of the counterclaim. The circuit court stated:

> The district court's literal application of the holding of *Super Sack* fails to comprehend the unique procedural posture of the instant case. In *Super Sack* and its progeny, the patentee's covenant not to sue was filed prior to consideration or resolution of the underlying infringement claim. In such circumstances, the promise not to sue obviated any reasonable apprehension that the declaratory judgment plaintiff might have of being held liable for its acts of infringement. *Super Sack*, 57 F.3d at 1059 (as a result of the patentee's promise not to sue, the declaratory judgment plaintiff "has no cause for concern that it can be held liable for any infringing acts"); *Spectronics*, 940 F.2d at 636 (the patentee's statement of non-liability made the declaratory judgment plaintiff immune to suit under the claims of the contested patent); *see also Intellectual Prop. Dev.*, 248 F.3d at 1341; *Amana Refrigeration, Inc. v. Quadlux, Inc.*, 172 F.3d 852, 855 (Fed. Cir. 1999). Here, however, the Post-Verdict Covenant had no effect on Fort James's claim for infringement, because that controversy had already been resolved by the jury's verdict.

*Id.* at 1348.

Defendants here suggest that this Court's Phase I summary judgment order, allowing plaintiff to proceed only with respect to defendant Yunchun Yang, is equivalent to the jury's verdict of non-infringement in *Fort James*. While it is a close question, the Court disagrees with defendants, and finds that *Fort James* does not apply to this case; the Court's Phase I summary judgment order was not equivalent to a verdict of non-infringement. Under the agreed-upon bifurcation of this case, the Court has yet to address infringement issues. The Court's Phase I order only addressed "whether defendants made, used, offered to sell, sold, or imported potentially infringing products in the United States," Order at 2:16-17; or, put differently, whether "there is, at a minimum, a triable issue of fact as to whether defendants have committed acts within the United States that, if infringing in nature, would violate United States' patent law," *id.* at n.3. Thus, in this case, as "[i]n *Super Sack* and its progeny, the patentee's covenant not to sue was filed prior to consideration or resolution of the underlying infringement claim." *Fort James*, 412 F.3d at 1348.

5

Though extension of *Fort James* to this case has some appeal, the Court is unwilling to expand *Fort James* beyond its narrow facts. *Fort James* clearly carves out an exception to *Super Sack*, but its rationale for doing so is less than clear. The *Fort James* exception seems to turn on whether the covenant not to sue has any value. *See* 412 F.3d at 1348 ("Here, however, the Post-Verdict Covenant had no effect on Fort James's claim for infringement, because that controversy had already been resolved by the jury's verdict."). The Federal Circuit, however, never explicitly states this, or any other, rationale for the exception it carves out of *Super Sack*. Absent such guidance, this Court declines to stretch *Fort James* to fit the unique facts and procedural background presented by this case and this motion.

Defendants also argue that the Court retains jurisdiction because plaintiff has continuously threatened to pursue infringement claims against YH Technology, Yi Yang, her customers, and her husband. Regardless of plaintiff's past pursuit of infringement claims, the covenant not to sue submitted along with this motion unequivocally establishes that plaintiff will not pursue claims for infringement of the '622 patent against Yi Yang or YH Technology for any of their past and present products. Plaintiff's past actions and threats are therefore irrelevant.

Defendants' final argument is that Yi Yang and YH Technology should not be dismissed because they still have pending patent misuse counterclaims. As plaintiff points out, however, defendants have never alleged any patent misuse counterclaims. *See* Defs.' Answer and Counterclaims (attached as Ex. C to Kohm Decl.).

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court GRANTS plaintiff's motion to dismiss the claims against, and counterclaims of, defendants Yi Yang and YH Technology, with prejudice. (Docket No. 147)

**IT IS SO ORDERED.**

Dated: January 22, 2007

SUSAN ILLSTON
United States District Judge

6