IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CROSSBOW TECHNOLOGY, INC., | No. C-03-04360 SI (EDL) |
| Plaintiff, | **ORDER DENYING DEFENDANT'S MOTION TO COMPEL** |
| v. | |
| YH TECHNOLOGY ET AL, | |
| Defendant. | |

On February 1, 2007, Defendant filed a motion to compel Plaintiff to produce technical documents and other documents related to the validity of the patent-in-suit. Plaintiff opposed the motion on February 12, 2007, and Defendant replied on February 20, 2007. The Court has reviewed the papers and finds this matter appropriate for a decision without oral argument. Accordingly, the Court hereby DENIES Defendant's motion without prejudice for failure to comply with Civil Local Rule 37-1.

A party moving to compel disclosure must include with its motion a certification that the movant has in good faith conferred or attempted to confer with the nondisclosing party in an effort to secure the disclosure without court action. Fed. R. Civ. P. 37(a)(2)(A). Under the Civil Local Rules, "meet and confer" or "confer" means "to communicate directly and discuss in good faith the issue(s) required under the particular Rule or order." See Civ. L.R. 1-5(n). Further, the Court "will not entertain a request or a motion to resolve a disclosure or discovery dispute unless, pursuant to FRCivP 37, counsel have previously conferred for the purpose of attempting to resolve all disputed issues." Civ. L.R. 37-1(a).

//

1    Here, there has been no meet and confer, and both parties are at fault for this lapse. Plaintiff
2 waited two full months to respond to Defendant's November 8, 2006 meet and confer letter, finally
3 responding on January 8, 2007. Defendant prematurely filed his motion to compel on February 1,
4 2007, without first meeting and conferring with Plaintiff, in lieu of directly addressing Plaintiff's
5 responses to Defendant's contentions that he is entitled to the requested discovery. Accordingly, the
6 Court hereby DENIES the motion without prejudice and ORDERS the parties to promptly engage in
7 meet and confer, in good faith and with direct dialogue and discussion, pursuant to the Civil Local
8 Rules.

9    In order to guide the parties' discussions, the Court notes that Plaintiff is correct that, in
10 general, information that post-dates a patent application is not relevant to best mode and enablement.
11 Regarding the deposition transcript dispute, Rule 32(a)(4) of the Federal Rules of Civil Procedure
12 applies to introduction of evidence, not discovery of deposition transcripts, and does not require or
13 encourage filing of the entire transcript. Nonetheless, if Defendant contends that limited portions of
14 a few depositions are highly relevant, Defendant should identify these portions during the parties
15 meet and confer, and Plaintiff is encouraged to provide a reasonable number of excerpts. Regarding
16 Plaintiff's legitimate confidentiality concerns about material which is entitled to "attorneys' eyes
17 only" protection, Plaintiff must be mindful of Judge Illston's decision that "whatever discovery must
18 be produced will be produced to [Defendant] because there are no lawyers" and that Plaintiff has not
19 been granted leave to withhold discovery simply because Defendant has no attorney to receive
20 "attorneys' eyes only" discovery. See September 29, 2006 CMC Transcript, at 15:20-16:10.
21 Plaintiff must devise a way to provide Defendant with discoverable information so that Defendant
22 may properly defend against Plaintiff's suit.

23    After meeting and conferring, if the parties still cannot resolve or narrow their disputes,
24 Defendant may refile his motion, complete with a certification detailing the steps taken to meet and
25 confer directly with Plaintiff. See Fed. R. Civ. P. 37(a)(2); Civ. L.R. 37-1(a). In addition,
26 Defendant's motion must set forth each request in full (or as narrowed by the parties' subsequent
27 agreements), followed immediately by the objections and/or responses thereto, and must detail for
28 each request the basis for the party's contention that it is entitled to the requested discovery and

2

must show how the proportionality and other requirements of Rule 26(b)(2) of the Federal Rules of Civil Procedure are satisfied.  See Civ. L. R. 37-2.

**IT IS SO ORDERED.**

Dated: March 26, 2007

ELIZABETH D. LAPORTE
United States Magistrate Judge